[Civ. No. 699.   Fifth Dist.   Jan. 18, 1967.]

EDWARD J. CVRCEK, Plaintiff and Appellant, v. STATE PERSONNEL BOARD et al., Defendants and Respondents.

Baird B. McKnight for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and G. A. Strader, Deputy Attorney General, for Defendants and Respondents.

STONE, J.—Appellant, an Out of State Auditor II with the State Board of Equalization stationed in Chicago, was acting as an Out of State Auditor III under a probationary

appointment. He applied for a permanent appointment as Auditor III, but was rejected; he appealed from the rejection and, while his appeal was pending passed the written portion of the examination for Out of State Auditor III. An oral examination was set for June 14, 1963.

On June 10, district tax administrator Kerrigan, who was to sit on the board for the oral examination, was in Chicago. Appellant asked to see him, hoping to persuade Kerrigan to reconsider the rejection. A few minutes before the interview, appellant removed from the audit office file a memorandum he had written to H. L. Dickinson, his immediate superior, relative to the rejection, and a copy of a disputed ''Waiver of Limitations.'' These documents were not to be removed from the file.

During the interview, appellant showed the documents to Kerrigan, who asked him to explain his possession of them. He at first told Kerrigan the papers were not original documents nor unauthorized copies. However, upon interrogation appellant admitted he had lied about the documents. Kerrigan ordered Cvrcek's dismissal from state service.

Cvrcek appealed from the order of dismissal, and a hearing was had before a State Personnel Board hearing officer, who found that Cvrcek made false statements to Kerrigan, the district tax administrator. The hearing officer recommended that Cvrcek's dismissal be sustained under Government Code section 19572, subdivision (f). The State Personnel Board adopted the hearing officer's findings of fact and proposed decision, and approved the dismissal. Other charges made against Cvrcek were found to be unsupported, so that the cause for dismissal rests solely upon the falsehoods.

Cvrcek petitioned the Superior Court of Sacramento County for a writ of mandate directing the State Personnel Board to set aside its order and restore Cvrcek to his former position. The writ was denied after hearing, and this appeal followed.

The State Personnel Board adopted the following finding, which is the crux of the case: ''Appellant's conduct as found in Finding V constitutes dishonesty within the meaning of subdivision (f) of Government Code Section 19572. The fact that appellant was improperly in possession of the memorandum and waiver is relatively unimportant and the documents themselves are not particularly remarkable or sensitive. But appellant's apparent inability to give an honest answer to the District Tax Administrator when it appeared to him that a lie might be more advantageous is sufficient to warrant the dis-

cipline imposed. It is true that appellant felt he had been improperly rejected and was most anxious to be restored to the Auditor III position. But to accept this as an excuse would be to find that an auditor can lie to his superiors when he feels it is necessary or desirable.''

The evidence upon which the board based the foregoing conclusion consisted largely of the testimony of Kerrigan and Dickinson. The critical part of Kerrigan's testimony concerning his conversation with Cvercek follows: ''When he handed it to me I asked him where and how he got it. He said it was a letter that he had addressed to Mr. Dickinson. He said it was his copy of a letter that he had addressed to Mr. Dickinson. I asked him how it was that it was the original of the letter. I said: 'Wouldn't you have in your possession the yellow copy rather than the original? Don't you ordinarily transmit the original?' He said: 'Yes. I ordinarily do, but in this case,' he said, 'I send the yellow copy and retained the original.'

''I said: 'Well, in that case, why is it that this bears the stamp ''Received September 25, 1962, State Board of Equalization, Chicago, Illinois.' '' He hesitated, didn't answer. I said: 'You have lied to me about this, haven't you?' He said: 'Yes, I have.' ''

As to the ''Waiver of Limitations,'' Mr. Kerrigan testified: ''I asked him where he had gotten this document, and he said he had gotten it from the Ingersoll Kalamazoo Division of Borg Warner Corporation in Kalamazoo, Michigan.''

''I said: 'If that is the case, why is it that this document bears a date received stamp reading ''Received September 27, 1962, State Board of Equalization, Chicago, Illinois.'' ' I said: 'You didn't get that document from Ingersoll Kalamazoo Division.' I said: 'You have photostated the original copy from our files.' He demurred, insisting that he had actually received it from Mr. Davies of the Ingersoll Kalamazoo Division of Borg Warner Company. I again pointed out the date received stamp of our Chicago office and he then admitted that he had obtained it from the file. I said: 'You have lied to me about this.' He said: 'Yes, I have.' I said: 'You have lied to me twice this morning.' He says: 'Yes, I have lied to you twice this morning.' ''

The record reflects that after the foregoing interview Kerrigan brought Dickinson in and repeated the questions to appellant, who again admitted he had lied to Kerrigan.

The deposition of Dickinson, admitted in evidence at the hearing, corroborated the testimony of Kerrigan. With respect

to appellant's admission of lying, Dickinson deposed: "He stated at that time that he had not told the truth and that he had done this in order to justify his case for rejection as a probationary employee."

█ Falsehood *qua* falsehood is not specified as a ground for dismissal; the criterion established by subdivision (f) of section 19572 of the Government Code is "dishonesty." The general concept "dishonesty" as used in the cases is of little help because in each the nature of the falsehood and the circumstances of the particular case give the symbol its significance. Here, use of the word "dishonesty" as a criterion is somewhat baffling since, to a degree, its content derives from the very facts it purports to measure, the falsehoods.

Whether the falsehoods of appellant constitute dishonesty undoubtedly will strike reasonable minds with different force, but for our purpose it is enough if the falsehoods the personnel board deemed to constitute dishonesty could be accepted by a reasonable mind as substantial evidence in support of that deduction. That this rule applies to a review of findings of fact made by the State Personnel Board is attested by *Neely* v. *California State Personnel Board,* 237 Cal.App.2d 487 [47 Cal.Rptr. 64], wherein the court said, at pages 488-489: "The board is created and established by article XXIV of the California Constitution and derives its jurisdiction and adjudicating power therefrom. [Citation.] Its factual determinations 'are not subject to re-examination in a trial de novo but are to be upheld by a reviewing court if they are supported by substantial evidence.' "

Appellant argues that in the light of *Midway School Dist.* v. *Griffeath,* 29 Cal.2d 13 [172 P.2d 857], and *Hogg* v. *Real Estate Commissioner,* 54 Cal.App.2d 712 [129 P.2d 709], the falsehoods here do not constitute substantial evidence of dishonesty. The *Midway* case, involving a school teacher, is not apposite for several reasons. It appears the teacher asked for, but was denied, permission to go on a deer hunting trip to Nevada. He went anyhow, leaving a note which read: "On account of coming illness I find it necessary to be absent from school the rest of this week. . . ." (P. 15.) Upon his return, disciplinary proceedings were invoked which terminated with a recommendation that he be dismissed. Under the procedure then in effect, the charges were tried before the superior court and, as the trier of fact, the court found in favor of the teacher. There were really three charges made and the court found in favor of the teacher and against the board on

all three. The important aspect of the case, as we see it, is the Supreme Court's observation that in the hearing before the trier of fact, "A judicial question is thus presented. The trial court having the responsibility in the premises, chose to relieve the defendant from the rigorous result of his misconduct and we are disposed not to disturb its judgment in this respect." (P. 18.)

In the case before us the finder of fact, unlike that in *Midway*, resolved the question of dishonesty against the employee. The principle enunciated in *Midway* is applicable but the State Personnel Board resolved the questions of fact against the employee, and we cannot say the evidence related above is not substantial.

The case of *Hogg* v. *Real Estate Commissioner, supra,* also strongly relied upon by appellant, presents facts so different from those before us that it can hardly be used as a criterion by which to determine dishonesty stemming from falsehoods. The Real Estate Commissioner revoked Hogg's real estate broker's license upon the ground he was dishonest in not returning a deposit paid in connection with an unconsummated real estate transaction. However, as pointed out at page 717, no claim was made that Hogg was guilty of any fraud, deceit or bad faith in negotiating or securing the agreement of purchase and sale; the commissioner so stated at the hearing. The finding of dishonesty rested solely upon Hogg's refusal to return the deposit when the contract of sale was not consummated because of a failure of consideration. The appellate court concluded, "Stated another way, it cannot be held that appellant is guilty of 'dishonesty' for refusing to pay back a sum of money which in good faith he claims he is entitled to retain." (P. 718.)

Looking at the other side of the coin, in *Byrne* v. *State Personnel Board*, 179 Cal.App.2d 576 [4 Cal.Rptr. 32], an Alcoholic Beverage Control agent who was involved in an automobile accident told an investigating officer and his superior the next day that he had only a beer with his lunch. At the hearing the agent admitted he had lied to the police and to his superior concerning the amount of alcohol he had consumed. The court upheld the State Personnel Board's finding that the agent's lying constituted dishonesty.

In *Board of Education* v. *Weiland*, 179 Cal.App.2d 808 [4 Cal.Rptr. 286], a judgment permitting a school district to dismiss a tenured teacher was affirmed. There were several

facets to the case but we are concerned only with the complaint charging dishonesty, predicated upon an allegation that the appellant had falsified the attendance records of her class for adults by signing the names of students to such record when, in fact, the students were absent. Insofar as *Weiland* relates to falsehood and dishonesty, the court said, at page 811: "She argues further that she acted honestly and did not intend to defraud the state or district . . . the record amply supports the conclusion of the trial court that the purpose of the falsification was to secure appellant's continued employment. The evidence was clearly sufficient to support the finding."

Appellant's defense that he did not intend to deceive Kerrigan, that he lied only because he was nervous and under extreme tension, merely raised a conflict in the evidence. His testimony presented a factual determination for the trier of fact.

There are a number of cases wherein reviewing courts have upheld the findings of a board authorized to review dismissal proceedings of an employee under civil service or tenure. We will not burden this opinion with a discussion of them since we find none, other than those mentioned above, which considers a falsification in relation to dishonesty as ground for the discharge of an employee.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied February 9, 1967, and appellant's petition for a hearing by the Supreme Court was denied March 15, 1967.